UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14072-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY LATERZA,

    Defendant.

_____/

FILED by ____ D.C.

JAN 25 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO PROCEED PRO-SE IN FORMA PAUPERIS WITH STANDBY COUNSEL [D.E. 174]

**THIS CAUSE** having come on to be heard pursuant to an Order of Reference for a hearing in respect to the aforementioned motion and this Court having conducted a hearing on January 25, 2016, recommends to the District Court as follows:

    1.    The Defendant's motion requests that he be permitted to represent himself in this matter and that present counsel, Mr. Winderman, be permitted to withdraw and attend all future hearings as standby counsel. Mr. Winderman confirmed on the record that he was willing to attend all future hearings as standby counsel as requested by the Defendant. Further, Mr. Winderman understands that he will remain as counsel of record in this case until such time as Judge Graham enters an order in respect to this Report and Recommendation.

    2.    The Defendant was sworn and then responded to the questioning by the Court. The Court will set forth those questions and answers herein as succinctly as possible so that the District Court need not order a transcript of the hearing, unless it chooses to do so:

a. The Defendant is 56 years of age. He has a high school education with one and one-half years at Coastal Carolina College.

b. The Defendant can read, write and understand English.

c. The Defendant's address for the record, should he be permitted to go forward and represent himself in this case, is 309 Lake Circle, #204, North Palm Beach, Florida 33408. The Defendant understands that if he is permitted to represent himself, all correspondence with the Court will have to be at his current address. He is required to keep the Court and the government aware of his current address at all times during these proceedings.

d. The Defendant was permitted to represent himself at the underlying trial in this case after a hearing was conducted by Judge Graham in February of 2003. The Defendant understands that since that occurred some 13 years ago, this Court is required to go further and make this inquiry on the record which it did during the hearing.

e. The Defendant is aware of the charges set forth in the Petition which was read to him at his initial appearance. The government stated that the possible maximum penalties under the present Petition are three years in prison to be followed by lifetime of supervised release less any time imposed in this case.

f. This Court notes further that at the conclusion of the hearing, the government stated that it would be superseding the Petition in this case and presenting such Superseding Petition to Judge Graham for review to make the alleged violations in this case conform to the record in the state case.

g. The Defendant stated that he did understand the charges pending against him in the Petition as it is presently framed and the possible maximum penalties.

h.  The Defendant stated that he has been represented by an attorney in civil or criminal proceedings previously and had an opportunity to observe his attorneys in court on at least six occasions.

i.  The Defendant stated that he does not have any formal training in the law nor is he an attorney.

j.  The Defendant stated he is familiar with the federal statutes involved in this case as well as the Federal Rules of Evidence and Federal Rules of Criminal Procedure. The Defendant stated that he is aware that he would be required to apply those statutes and rules as the facts may require during this case.

k.  The Defendant stated he understands he would be required to introduce exhibits into evidence and/or oppose exhibits the government seeks to introduce during the hearings in this matter. Further, the Defendant understands that he would be required to offer any items of evidence and have them properly presented to the Court as required by the rules of Court.

l.  The Defendant stated that he understands that he will be responsible for issuing subpoenas for any witnesses that he wishes to present during this hearing and that the government is not required to have any witnesses present on his behalf. The Defendant stated that his attorney has already issued subpoenas for those witnesses. However, the Court advised that due to the pending motions in this case as well as the District Court's review of this Court's Report and Recommendation in respect to the present motion, that the hearing presently set for January 28, 2016 will be continued. Therefore, new subpoenas will have to be issued once the Court re-sets the date for the final hearing in this case.

m. The Defendant stated that he understood that if he is permitted to go forward representing himself, that he could not later during the pendency of this matter state that he wishes to change his mind and now have counsel represent him.

n. The Defendant stated that he understood that if he is found guilty of any violation set forth in the Petition that it will be very difficult, if not impossible, to argue on appeal that the District Court should not have allowed him to represent himself.

o. The Defendant stated that he was not under the influence of any drug, medication or alcoholic beverage at the time of the hearing. Further, the Defendant stated that he has never been adjudged incompetent by any court.

p. The Defendant stated that he understands that handling the defense in a criminal case such as this is very difficult and takes years of training and education to be competent to do so and that he does not presently have that training. The Defendant stated that he understands that many attorneys who are admitted to practice in federal court do not handle criminal cases for various reasons, including the complicated nature of federal criminal proceedings. However, the Defendant stated that he still wishes to represent himself in spite of that knowledge that he has.

q. The Defendant stated that he is familiar with the application of the Federal Sentencing Guidelines which may enter into play in this case should he be found to have violated his supervised release. He is prepared to make presentations to the Court concerning those Sentencing Guidelines should that be required at a later date.

r. The Defendant understands that by representing himself, his freedom and guilt/innocence is being held in the balance based upon his ability or inability to handle this matter on his own.

      s.    The Defendant re-stated that he does wish to have Mr. Winderman act as standby counsel in this case. However, he does not wish for Mr. Winderman to be counsel of record. Mr. Winderman stated on the record that he is prepared to attend all future proceedings in this case as standby counsel.

      t.    The Defendant stated that he understands that the Court will not be able to assist either he or the government during the hearings in this case and therefore cannot aid the Defendant or give the Defendant advice on evidentiary issues or any other issues during the hearings conducted in this case.

      u.    The Defendant stated that he understood that this Court will be issuing a Report and Recommendation to the District Court based upon the matters presented during the hearing and that the District Court will make the final decision as to whether or not the Defendant can go forward to represent himself.

      3.    There were several other issues raised during the hearing. First, the Defendant has filed several motions on his own. This Court stated that those motions were prematurely filed since the Court had not yet conducted this hearing and Judge Graham has not entered a final order in respect to this Court's Report and Recommendation set forth herein. However, rather than striking the motions and having them simply re-filed, the Court will consider those motions as being filed of record and the government shall not be required to respond to the motions at the present time. The government shall file any response to the motions within twenty (20) days of any order entered by the District Court in respect to this Report and Recommendation.

      4.    The aforementioned response time the government has is in respect to only those motions which are presently filed of record as of the date of this hearing. Any future

5

motions filed by the Defendant subsequent to any order entered by the District Court in respect to this Report and Recommendation shall be responded to by the government within the time frames provided under the Federal Rules of Criminal Procedure and the Local Rules of this Court.

5. The statement by the government that it would be superseding in this matter also may necessarily extend further hearing dates in this case. This Court will cancel the hearing set for January 28, 2016 and will re-set the case for hearing by separate Order. The Defendant understands that should the government file a Superseding Petition in this case, that the Court will conduct another initial appearance on that alone so that he is aware of the charges in any Superseding Petition as well as the penalties. Hopefully this will not require a further extension of the date for the final hearing. The Court anticipates setting the final hearing sufficiently further down the Court's calendar to afford everyone ample time to respond to any Superseding Petition, motions, and other matters set forth within this Report and Recommendation.

6. Next, the government requested a motion deadline which the Court feels is appropriate. Since there may or may not be a Superseding Petition in this case, the Court will set a motion deadline which is self-executing if a Superseding Petition is filed or if one is not filed. The motion deadline for any motions filed by the government or the Defendant shall be fourteen (14) days after any initial appearance on a Superseding Petition in this matter. If there is no Superseding Petition filed, then the motion deadline shall be fourteen (14) days after any order of the District Court in respect to this Report and Recommendation. The Court will consider the motion deadline to be whatever later date is applicable based upon these two factors. In other words, should Judge Graham enter

an order on this Report and Recommendation, the motion deadline is fourteen (14) days thereafter. However, should the government file a Superseding Petition subsequent to Judge Graham's order on this Report and Recommendation, then the motion deadline applicable would be fourteen (14) days after this Court conducts an initial appearance on that Superseding Petition. Hopefully this sufficiently guides the parties in that regard.

7. In respect to the applicable law, this Court looks to <u>Faretta v. California</u>, 95 S.Ct. 2525 (1975). In <u>Faretta</u> the Supreme Court set certain legal precedents. For example, the Court stated that a defendant who elects to represent himself cannot thereafter complain that quality of his own defense amounted to a denial of effective assistance of counsel. Further, the Court went on to state that a defendant need not himself have skills and experience of a lawyer in order to competently and intelligently choose self representation. However, he should be made aware of the dangers and disadvantages of self representation, so that the record will establish that he knows what he is doing and that his choice is made with his eyes open. This Court feels that the hearing and the questions asked by the Court and the Defendant's responses do show that he is knowingly and intelligently waiving his right to counsel and wishes to represent himself in this proceeding under the legal precedents established in respect to such matters. As in <u>Faretta</u>, the record affirmatively shows that the Defendant is literate, competent, and has the understanding to represent himself and was voluntarily exercising his informed free will. Where he has been warned by the trial court of the possible pitfalls of representing oneself, he has the right to proceed in that fashion. The Defendant clearly and unequivocally wishes to represent himself and the record made by this Court will bear that out. The Defendant should be given that right. So long as the record establishes that

the Defendant knew what he was doing and his choice was made with eyes open, the trial judge's decision to allow the defendant to represent himself will be upheld. See Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir. 1986).

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's motion [D.E. 174] to represent himself be **GRANTED** and that the District Court enter an order permitting Mr. Winderman to withdraw as counsel of record and to act as standby counsel only in all future court proceedings,

It is further recommended that the District Court enter an order confirming the motion deadlines and response time to motions recommended by the Court herein.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 25th day of January, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Diana M. Acosta
Harry Winderman, Esq.
U.S. Pretrial/Probation