UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14072-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY LATERZA,

    Defendant.
_____/



FILED by ___ D.C.

MAR 29 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTIONS TO DISMISS [D.E. 177, 178, 179, 180, 181, 182 AND 183]**

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions, responses and replies, where applicable, and this Court otherwise being advised in the premises, makes the following recommendations to the District Court:

    1.    The government has filed a Status Report [D.E. 203] in which it states specifically that it will only be proceeding against the Defendant in respect to Violations Numbers 5, 8 and 9 set forth in the Petition. Therefore, this Court ruling is predicated upon that assertion by the government. Additionally, this Court needs to lay out certain ground work which the pro se Defendant may or may not be aware of in respect to revocation of supervised release proceedings. The standard of proof is not beyond a reasonable doubt as it is in a criminal prosecution. Violations of supervised release, though they may lead to reimprisonment, need not be criminal. They need only be found by a judge under a preponderance of the evidence standard. Johnson v. United States, 529 U.S. 694 (2000).

See also, United States v. Cunningham, 607 F.3d 1264 (11th Cir. 2010). This Court will conduct a final hearing in this matter and issue its Report and Recommendation. Any final decision concerning revocation of the Defendant's supervised release continues to remain vested in United States District Judge Donald Graham.

2. The Supreme Court has determined that revocation proceedings such as this are not part of a criminal prosecution. Further, it is recognized that the defendant is not guaranteed a speedy revocation hearing because revocation hearings are not criminal prosecutions under the Sixth Amendment. United States v. Zayas, 146 Fed. Appx. 346 (11th Cir. 2005). Similarly, the Sixth Amendment right to confrontation applies only to criminal prosecutions which is not extended to such revocation proceedings involving supervised release, probation or parole. United States v. Reese, 775 F.3d 1327 (11th Cir. 2015). This Court would point out that in the Reese case, the Eleventh Circuit affirmed the trial court's decision to admit results of a laboratory test confirming a substance in the defendant's possession was an illegal drug. That lab report was introduced through a police officer rather than a lab technician who actually performed the test. The Eleventh Circuit found that such procedure was proper since there is no right to confrontation in revocation hearings.

3. As stated by this Court in a separate Report and Recommendation on other motions filed by the Defendant, the exclusionary rule and the Federal Rules of Evidence do not apply in revocation of supervised release proceedings. See United States v. Frazier, 26 F.3d 110 (11th Cir. 1994) and United States v. Montez, 952 F.2d 854 (5th Cir. 1992).

4. With these preliminary matters out of the way, the Court will now address each of the motions under separate headings.

## MOTION TO DISMISS [D.E. 177]

5. In this motion the Defendant seeks to dismiss the Petition for violation of Federal Rules of Criminal Procedure 32.1(a). The Defendant alleges that he was not provided a prompt revocation hearing within a reasonable amount of time. His motion alleges that state charges were filed in February of 2011 and a detainer placed upon him in March of 2011. He was not brought before this Court until November of 2015. The record does reflect that the Defendant was in state custody and a warrant from this Court was lodged against him as a detainer while he remained in state custody. The Defendant was not able to make the bond set by the state court until on or about October 2015 when the Defendant posted the bond after it was reduced by the state court. Thereafter a writ was issued by this Court on November 12, 2015 to bring the Defendant before the Court for an initial appearance. The Defendant did appear before this Court for his initial appearance on November 17, 2015.

6. The rule cited by the Defendant, Rule 32.1, applies only to those individuals in custody solely for violation of probation or supervised release. It is triggered only when the defendant is taken into federal custody for violations of supervised release and not by issuance of a warrant for the defendant's arrest. United States v. Cunningham, 150 Fed. Appx. 994 (11th Cir. 2005). The Defendant was not brought into federal custody until this Court issued its writ on November 12, 2015 and he was brought before the Court for his initial appearance on November 17, 2015. At that time, this Court released the Defendant on a bond pending further proceedings in this case. Based upon the foregoing, there is

no justification for dismissal based upon an alleged violation of Rule 32.1 since the Defendant was not in federal custody until this Court issued its writ on November 12, 2015. He was thereafter brought promptly before the Court on November 17, 2015 for his initial appearance hearing as referenced above.

## MOTIONS TO DISMISS [D.E. 178, 180, 181]

7. In each of these motions the Defendant seeks dismissal of Violations Numbers 1 through 8 [D.E. 178], Violation Number 8 [D.E. 180], and Violations Numbers 1 through 8 [D.E. 181]. Since the government has filed its Status Report referenced herein above which indicates that it will be proceeding only on Violations Numbers 5, 8 and 9, this Court will find that the request to dismiss Violations Numbers 1 through 7 in [D.E. 178 and D.E. 181] is now moot. The Court will only address these motions as they relate to Violations Numbers 5 and 8.

8. The Defendant alleges in [D.E. 178] that the government illegally obtained medical records by an unknown and fictitious government agent. In [D.E. 180] the Defendant alleges that the violation is based upon unlawful filing of fictitious prescriptions by an undercover government agent. In [D.E. 181] the Defendant alleges that the government fabricated evidence, stole evidence, and unlawfully modified/disclosed medical data.

9. In this case, the Defendant is alleged to be involved with a medical clinic which was targeted by law enforcement. Undercover officers presented themselves as fictitious individuals with fictitious prescriptions to be filled by that clinic for controlled substances which were outside the course of their professional practice. The undercover

officers purchased Oxycodone and Testosterone from this particular clinic where the Defendant was employed.

10. The government admits that the undercover agents presented altered or fictitious patient names and pharmacy profiles. However, the government submits that these are valid investigative techniques which have been authorized in other cases.

11. The Defendant's motions to dismiss do not establish such "outrageous conduct" as delineated in the applicable case law. Such "outrageous conduct" by government agents must be such that it violates fundamental fairness and is shocking to the universal sense of justice mandated by the due process clause of the Fifth Amendment. This is reviewed on a case-by-case basis under the totality of the circumstances standard. United States v. Tobias, 662 F.2d 381 (5th Cir. 1981). In this case, based upon the facts set forth in the motions and the government's consolidated response, there was an investigation initiated. The use of undercover officers is not outrageous conduct. The use of fictitious names and prescription/medical records is not outrageous conduct either in light of the totality of the circumstances concerning the medical clinic involved and its alleged involvement in dispensing medications outside its normal professional practice. The brief recitation of the facts set forth in the pleadings filed by the Defendant and the government in respect to these particular issues do not appear to shock the conscience nor to rise to the level of outrageous conduct as contemplated by the applicable case law. Further, the Defendant seems to be seeking a pre-hearing determination on the evidence in these motions and several other motions he has filed. This is akin to a motion for summary judgment in a civil case. There is no such vehicle nor remedy involving revocation of supervised release proceedings.

12. Based upon the facts set forth in the pleadings in respect to these particular motions, the Court finds that the totality of the circumstances surrounding the actions of the government agents in this investigation and ultimate arrest of the individuals involved, including the Defendant, on state charges, does not rise to the level of justifying a dismissal of the charges. See United States v. Edenfield, 995 F.2d 197 (11th Cir. 1993). Therefore Court will recommend that the Motions to Dismiss [D.E. 178, 180 and 181] be DENIED.

## MOTION TO DISMISS [D.E. 179]

13. In this motion, the Defendant moves to dismiss the sale of steroid alleged in Violation Number 8 as a non-existent crime for pharmaceutical grade Testosterone replacement medication. He alleges that the Testosterone was dispensed, delivered and sold by a licensed pharmacy. In this motion, the Defendant specifically refers to Rule 12. This Court assumes that he is citing to Rule 12 of the Federal Rules of Criminal Procedure. He does not cite specifically which Rule 12 he is addressing.

14. Rule 12 of the Federal Rules of Criminal Procedure deal with indictments, informations, and pleas in respect to those charging documents. Rule 12 does not apply to revocation of supervised release petitions. Seeking dismissal under Rule 12 appears to be seeking a pre-hearing ruling on the sufficiency of the evidence much as a motion for summary judgment would address in a civil matter. Such a vehicle is not appropriate nor available to the Defendant. Rule 12 is inapplicable to the pending charging document which is the Petition Alleging Violations of Supervised Release filed by the United States Probation Office and issued by Judge Graham. See United States v. Ferguson, 142 F. Supp. 2d 1350 (S.D. Fla. 2000). Therefore Court will recommend that the Motion to Dismiss [D.E. 179] be DENIED.

## **MOTION TO DISMISS [D.E. 182]**

15. In this one page motion, the Defendant seeks to dismiss Violation Number 8 alleging that there was no scientific testing of the evidence in existence. The government's response [D.E. 190] specifically states that the exhibit was tested by a forensic chemist and tested positive for Testosterone Enanthate Schedule III substance. The government's response also attaches a copy of the listing of the chain of custody and lab report in respect thereto. The Defendant's reply simply alleges that the analysis was not done by the U. S. Department of Justice nor was it done in compliance with scientific standards. Once again, the Defendant is seeking a pre-hearing ruling on the sufficiency of evidence. As stated by this Court previously in respect to the Ferguson decision supra, the Defendant cannot obtain such a pre-hearing ruling in matters of this type. This Court will recommend that the Defendant's Motion to Dismiss [D.E. 182] be DENIED.

## **MOTION TO DISMISS [D.E. 183]**

16. In this motion, the Defendant predicates his motion on the "sword and shield doctrine" where he alleges the State Attorney's Office, in his state court proceedings which are still pending, has shielded itself from discovery by invoking the Fifth Amendment. In his two page motion the Defendant requests that Violations Numbers 1 through 8 be dismissed. The Defendant alleges that he has been prevented from obtaining discovery concerning governmental misconduct in his state case and that the State Attorney's Office has knowledge of the "falsification and notarization" of Department of Health forms.

17. As stated previously, the exclusionary rule is inapplicable in proceedings of this type. The Defendant is seeking to dismiss violations set forth in the Petition based

upon the State Attorney's Office failing to respond to discovery. Those are not actions of the U. S. Attorney's Office nor are they alleged to have occurred in these proceedings. Further, in his reply, the Defendant alleges his Sixth Amendment right to confrontation is being violated. This Court has already stated herein and cited the Defendant to the applicable case law which finds the Sixth Amendment right to confrontation is inapplicable to proceedings such as this concerning revocation of supervised release.

18. The Defendant has not substantiated any violation by the government in respect to his inability to obtain discovery. There is nothing before this Court which would indicate that the United States Attorney's Office in this prosecution concerning the Petition Alleging Violations of Supervised Release has been other than forthcoming in providing whatever discovery to the Defendant in respect to the upcoming final hearing. Since the Federal Rules of Evidence and in particular the Sixth Amendment right to confrontation, as alleged by the Defendant, are inapplicable in proceedings of this type, the Court will recommend the Defendant's Motion to Dismiss [D.E. 183] be DENIED.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion to Dismiss [D.E. 177, 178, 179, 180, 181, 182 and 183] be **DENIED** for the specific reasons set forth herein.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right

to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 29 day of March, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Diana M. Acosta

Anthony V. Laterza, pro se
309 Lake Circle
#204
North Palm Beach, FL 33408