UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14072-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY LATERZA,

    Defendant.
_____/

FILED by _____ D.C.
MAR 29 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR LEAVE
OF COURT TO FILE JURISDICTIONAL MOTIONS OUT OF TIME [D.E. 205];
MOTIONS TO DISMISS FOR LACK OF JURISDICTION [D.E. 206, 207, 208, 209,
210, 211, 212, 213 AND 214]; MOTIONS TO EXCLUDE [D.E. 216, 217 AND 218];
AND MOTION TO DISMISS [D.E. 215]

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions and otherwise being advised in the premises, makes this Report and Recommendation without the necessity of responses from the government since this Court's ruling is based upon deadlines already established by the Court for filing of motions, the government's status concerning the violations that it will not be proceeding upon as set forth in the Petition, and inapplicability of the exclusionary rule to proceedings of this type.

    1.    This Court issued its Report and Recommendation on January 25, 2016 in respect to the Defendant's request to represent himself in this matter. Within that Report and Recommendation, this Court set a motion deadline for filing any motions by the government or the Defendant for fourteen (14) days after any Order the District Court entered in respect to that Report and Recommendation. Judge Graham entered an Order

on February 10, 2016 adopting that Report and Recommendation in full. Therefore, the deadline for filing any motions in this case was February 24, 2016.

2.  The present Motion for Leave of Court [D.E. 205] does not set forth any facts which would justify the late filing of any motions beyond the deadline already established by the Court. In fact, all except one of these motions is now moot based upon the Government's Status Report [D.E. 203] which advises the Court that the government will be proceeding only as to Violations Numbers 5, 8 and 9 set forth in the Petition pending before the Court. Therefore, this Court will recommend that the Defendant's Motion for Leave of Court [D.E. 205] be DENIED.

## MOTIONS TO DISMISS
## [D.E. 206, 207, 208, 209, 210, 211, 212, 213 AND 214]

3.  These motions all deal with the Defendant's request to dismiss the charges in respect to certain of the violations enumerated in each motion based upon lack of jurisdiction. Each of those motions relate to the violations in the Petition as follows:

    a.  [D.E. 206] relates to Violations Numbers 1 through 4 inclusive, as well as Violations 6 and 7.

    b.  [D.E. 207] relates to Violations Numbers 6 and 7.

    c.  [D.E. 208] relates to Violation Number 1.

    d.  [D.E. 209] relates to Violations Numbers 4 and 7.

    e.  [D.E. 210] relates to Violations Numbers 1 and 2.

    f.  [D.E. 211] relates to Violations Numbers 1 and 2.

    g.  [D.E. 212] relates to Violations Numbers 3 and 4.

    h.  [D.E. 213] relates to Violation Number 4.

      i.      [D.E. 214] relates to Violations Numbers 4 and 7.

4.      All of these motions relate to violations which the government has abandoned and in its Status Report [D.E. 203] indicates that it would not be proceeding on at the final hearing. The government will be proceeding only as to Violations Numbers 5, 8 and 9. Therefore, these motions are not only untimely as filed on March 18, 2016, but they are moot based upon the government's announcement that it will not be proceeding as to the violations addressed by these motions.

## MOTIONS TO EXCLUDE
## [D.E. 216, 217 AND 218]

5.      These motions relate to the request by the Defendant to exclude certain evidence seized by way of search warrants by state authorities and/or subpoenas. These three motions likewise are untimely as they were each filed on March 18, 2016. Further, the motions are due to be denied since they seek to suppress/exclude evidence. The Federal Rules of Evidence and the exclusionary rule in particular, are not applicable in proceedings concerning revocation of supervised release. See United States v. Frazier, 26 F.3d 110 (11th Cir. 1994) and United States v. Montez, 952 F.2d 854 (5th Cir. 1992). Since these motions are not only untimely, but also seek to suppress and exclude evidence they are without legal justification and the Court will recommend that each of them be DENIED as well.

## MOTION TO DISMISS [D.E. 215]

6.      This motion addresses Violation Number 8 which is one of the violations that the government intends to proceed on at the final hearing. The motion alleges that the violation is due to be dismissed because it does not charge an offense since it only uses

the term "steroids" and does not allege what type of substance or steroid was sold, manufactured, delivered or possessed or in what form. Once again, this motion was filed on March 18, 2016, beyond the deadline. There is no information that came to light subsequent to the motion deadline which the Defendant alleges now gives him reason to file this motion. Violation Number 8 in the Petition has been before the Court this entire time and there is no justification to allow this motion to be filed out of time. Violation Number 8 of the Petition adequately apprises the Defendant of the conduct which the government alleges violated his supervised release conditions. The government has the burden of proof at the final hearing under the standards applicable in revocation proceedings. Therefore the Petition is not deficient in failing to more specifically describe the conduct. Violations of supervised release need not be criminal and need only be found by a judge under a preponderance of the evidence standard. Johnson v. United States, 120 S.Ct. 1795 (2000). Further, insofar as this motion may be construed to be requesting any pre-hearing determination of the sufficiency of the evidence, such is not available to the Defendant in a revocation proceeding. Criminal procedure rules do not provide for a pre-trial determination of the sufficiency of the evidence. There is no motion for summary judgment mechanism in criminal proceedings. See United States v. Ferguson, 142 F. Supp. 2d 1350 (S.D. Fla. 2000). As a result, this Court will recommend that the motion be **DENIED**.

**ACCORDINGLY**, this Court recommends to the District Court that for the reasons set forth herein, the Defendant's motions be **DENIED** as follows:

    a.    Motion for Leave of Court [D.E. 205] be **DENIED**;

b.  Motions to Dismiss [D.E. 206 through 215] be **DENIED** based upon the specific reasons addressed by the Court in respect to each of those motions.

c.  Motions to Exclude [D.E. 216, 217, 218] be **DENIED** based upon the specific reasons addressed by the Court in respect to each of those motions.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 29 day of March, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Diana M. Acosta

Anthony V. Laterza, pro se
309 Lake Circle
#204
North Palm Beach, FL 33408