UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14072-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY LATERZA

    Defendant.
_____/



FILED by _____ D.C.

MAY - 9 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO CERTAIN VIOLATIONS AS SET FORTH IN THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on May 9, 2016, in respect to the pending Petition Alleging Violations of Supervised Release and this Court having convened a hearing, this Court recommends to the District Court as follows:

1.    The Defendant appeared before this Court on May 9, 2016 for a final evidentiary hearing in respect to the Petition Alleging Violations of Supervised Release alleging the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. From on or about January 1, 2009 through August 1, 2010, in Palm Beach County, Florida, the defendant did commit the offense of racketeering, contrary to Florida Statute 895.03. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. From on or about January 1, 2009 through August 1, 2010, in Palm Beach County, Florida, the defendant and others did commit the offense of conspiracy to commit racketeering, contrary to Florida Statutes 777.04(3) and 895.03(3). |
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. From on or about January 1, 2009 through August 1, 2010, |

|  |  |
|---|---|
|  | in Palm Beach County, Florida, the defendant did commit the offense of money laundering, contrary to Florida Statute 896.101(3). |
| **Violation Number 4** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. From on or about January 1, 2009 through August 1, 2010, in Palm Beach County, Florida, the defendant and others did commit the offense of conspiracy to commit money laundering, contrary to Florida Statutes 777.04(3) and 896.101. |
| **Violation Number 5** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 23, 2009, November 10, 2009, November 16, 2009 and November 21, 2009, in Palm Beach County, Florida, the defendant did commit the offense of unlicensed practice of health care profession, contrary to Florida Statue 456.065. |
| **Violation Number 6** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 23, 2009, November 21, 2009 and January 11, 2010, in Palm Beach County, Florida, the defendant did commit the offense of trafficking in oxycodone, contrary to Florida Statutes 893.135 and 893.05. |
| **Violation Number 7** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 23, 2009, November 21, 2009 and January 11, 2010, in Palm Beach County, Florida, the defendant and others did commit the offense of conspiracy to traffic in oxycodone, contrary to Florida Statutes 893.135 and 893.05. |
| **Violation Number 8** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about November 21, 2009, in Palm Beach County, Florida, the defendant did commit the offense of sale of steroids, contrary to Florida Statute 893.13. |

**Violation Number 9**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On February 23, 2011, in Palm Beach County, Florida, the defendant did commit the offense of possession of marijuana, contrary to Florida Statute 893.13.

**Violation Number 10**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On February 23, 2011, in Palm Beach County, Florida, the defendant did commit the offense of possession of drug paraphernalia, contrary to Florida Statute 893.147.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 5, 8 and 9 as set forth in the Petition. The government announced that it agreed to dismiss Violations Numbers 1, 2, 3, 4, 6, 7 and 10 of the Petition. This Court questioned the Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. Counsel for parties agreed that the Court could take judicial notice of the facts set forth in the Petition Alleging Violations of Supervised Release and the Memorandum from USPO Gagliardi to Judge Graham dated March 9, 2011. Therefore, this Court did take judicial notice of the facts set forth in that Memorandum and finds that it sets forth a sufficient factual basis to support the Defendant's admissions to Violations Numbers 5, 8 and 9 as set forth in the Petition.

4.   The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 5, 8 and 9 of the Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 5, 8 and 9 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this ___9th___ day of May, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Diana M. Acosta
Mizell Campbell, Esq.
U. S. Probation (USPO Tierney)
U. S. Marshal